[Crim. No. 1163. Third Appellate District.—September 23, 1931.]

THE PEOPLE, Respondent, v. HENRY C. SARGENT, Appellant.

E. L. Webber and Lowell Palmer for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, P. J.—The appellant, Henry C. Sargent, was charged by information filed by the district attorney of Napa County with four separate and distinct violations of section 288 of the Penal Code, committed upon four different boys. The jury acquitted him of the charge contained in the first three counts and convicted him of the charges contained in the fourth count. A motion for a new trial was made and denied by the trial court and judgment of imprisonment in the state prison was pronounced. This appeal is from the judgment and, also, from the order denying a new trial.

Appellant contends that the court erred in admitting evidence that his general reputation for morals in San Francisco prior to his coming to Napa County was bad. This contention is based upon these facts: A number of witnesses called by the appellant testified that the appellant's general reputation for morals was good, and, at least one witness testified without objection that he had known appellant in San Francisco for about six years before he came to Napa County and that his reputation in that city for morals was good. Appellant had been away from San Francisco for about eighteen months or two years prior to the commission of the offense of which he stands convicted. To rebut this testimony, the People placed upon the witness-stand Mr. J. C. Astredo, formerly chief probation officer of the juvenile court of the city and county of San Francisco. Mr. Astredo testified that he had known appellant in San Francisco, and while the appellant resided there, his reputation for morals "was not good". Appellant now insists that this evidence was too remote and, therefore, incompetent and highly prejudicial.

We find no merit in this contention. The rule is well settled that it is a question for the trial court to determine whether or not general reputation in the place of former residence is too remote in point of time to be allowed in evidence. (*Broderick* v. *Broderick*, 40 Cal. App. 550 [181 Pac. 402]; *People* v. *Cord*, 157 Cal. 562 [108 Pac. 511]; 10 Cal. Jur. 1048.) We cannot say that the court abused its

discretion in allowing the witness Astredo to testify as to appellant's general reputation in San Francisco eighteen months prior to the commission of the crime charged. His testimony was in direct conflict with that given by one or two of appellant's witnesses and covered the same place and the same period of time. The weight to be given all this testimony was a question for the jury.

In the first count of the information, the offense is alleged to have been committed on the —— day of December, 1930. The court permitted the district attorney to offer proof over the objection of appellant, indicating that this specific offense occurred in July, 1930, about six months previous to the date alleged. Appellant contends that the admission of this evidence was highly prejudicial to his rights. Conceding that the admission of this testimony, under the allegations of the first count of the information, was improper, we are unable to perceive how appellant could have been prejudiced thereby, for the reason that the jury acquitted him upon the charge, to which the objectionable testimony was directed.

It is also urged that the evidence is insufficient to support the verdict and judgment. A careful examination of the entire record convinces us that there is no merit in this contention. Appellant admits the physical acts charged against him in said fourth count of the information upon which he was convicted, but denies that such acts were done with the intent of arousing, appealing to, and gratifying the lust, passions, or sexual desires of himself, but, on the contrary, contends that he was actuated solely by a desire to correct a wrong impression that the complaining witness had as to the functions of his sexual organs, and that in order to do so, it was necessary to handle the sexual organs of the boy, etc. The jury, by its verdict, rejected this explanation of appellant as being unworthy of belief.

We deem it entirely unnecessary to recite the many sordid details of the offense appearing in evidence. Suffice it to say, that the evidence fully warranted the conclusion reached by the jury. No reasonable person could be expected to believe appellant's story, in the face of all the other facts and circumstances appearing in the record.

Other points raised by appellant have been carefully considered and found to be without substantial merit.

A further discussion of the case seems entirely unnecessary.

The record shows that appellant has at all times since his arrest been represented by two able and experienced attorneys who have been industrious and vigilant in protecting their client's rights. We find that appellant was denied no substantial rights and that he was fairly tried and justly convicted upon evidence which admits of no reasonable doubt.

We are satisfied that the judgment and the order denying a new trial should both be affirmed and it is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 8, 1931.